# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-1409
Filed: October 23, 2024

| | |
|---|---|
| * * * * * * * * * * * * * * * | |
| SHAMIR ALLY, | * |
| Petitioner, | * |
| v. | * Decision on Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |
| Respondent. | * |
| * * * * * * * * * * * * * * * | |

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.
*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 16, 2020, Shamir Ally ["Mr. Ally or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he suffered a hemorrhagic stroke and an acute subarachnoid hemorrhage after receiving a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on October 24, 2017. Petition, ECF No. 1. On August 16, 2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 64).

On January 9, 2024, petitioner filed an application for final attorneys' fees and costs. ("Fees App.") (ECF No. 70). Petitioner requests total attorneys' fees and costs in the amount of $40,512.29, representing $37,900.70 in attorneys' fees and $2,611.59 in costs. Fees App. at 1. Pursuant to General Order No. 9, petitioner indicates that he incurred $5,000.00 in costs related

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

to the prosecution of his petition. Fees App. Exhibits (Exs.) C and D. Respondent responded to the motion on January 29, 2024, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise [her] discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 72. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

**A.    Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Bruce Slane, $365.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, $400.00 per hour for work performed in 2022, and $425.00 per hour for work performed in 2023; for Mr. Jeremy Barberi, $335.00 per hour for work performed in 2021, and $345.00 per hour for work performed in 2022; and for Mr. Christian Martinez, $225.00 per hour for time billed in 2020, $235.00 per hour for time billed in 2021, and $265.00 per hour for time billed in 2022. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

## B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The overall hours spent on this matter appear to be reasonable. Therefore, petitioner is entitled to a final award of attorneys' fees in the amount of $37,900.70.

**C.     Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,611.59 in costs for acquiring medical records, postage, and process server fees. Pet'r's Mot. for AFC, Ex. B. Petitioner has provided adequate documentation supporting the requested costs and all appear reasonable in the undersigned's experience. Accordingly, petitioner is entitled to final attorneys' costs of $2,611.59.

Petitioner requests a total of $5,000.00 for costs he incurred related to pursing this case. Fees App. Ex. C. This amount is comprised of a neuropsychological evaluation/testing performed by Shane S. Bush, Ph.D., ABPP on July 18, 2019. Petitioner asserts that the cost for the neuropsychological evaluation was related to the prosecution of his case. In a supplemental affidavit, Mr. Ally asserts that he saw Dr. Bush prior to filing his claim and explained "[f]or the purpose of obtaining a possible recovery[,] I felt it was important to have an understanding of my medical deficits. This was not for treatment purposes." Fees App. Ex. E at 1. Mr. Ally further explained, "[a]fter my exam by Dr. Bush, I contacted Bruce W. Slane who filed a petition on my behalf. Although I now realize that prior to retaining experts on a particular case in the Vaccine Compensation Program, it is appropriate practice to notify the Respondent and/or the Court, I did not know this at the time of my neuropsychological exam." *Id*. at 2. In an October 4, 2024 email to the OSM staff attorney assisting the undersigned with this case and Respondent's counsel, Mr. Slane further clarified that the evaluation was not for treatment purposes, but was a result of Mr. Ally realizing he would no longer be able to work and needing that documented in any subsequent litigation. Accepting these assertions, the undersigned finds that the work performed by Dr. Bush are expert services retained for the purpose of prosecuting this case and litigation.

Per the Guidelines for Practice Under the National Vaccine Injury Compensation Program, "expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task." *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78. Additionally, "the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records." *Id*. Petitioner's counsel must provide sufficient evidence to warrant approval of an expert's hourly rate. *See Vogler v. Sec'y of Health & Human Servs.*, No. 11-424V, 2013 WL 1635860, at *2 (Fed. Cl. Spec. Mstr. Mar. 24, 2013). Because Mr. Ally received Dr. Bush's services prior to retaining Mr. Slane as counsel, and because the requested cost was researched against other cases in which a neuropsychological evaluation was performed and found to be generally reasonable, the undersigned finds this cost to be reasonable and will award it in full.[4]

---

[4] Although Mr. Ally received Dr. Bush's services prior to retaining Mr. Slane as counsel, for future, counsel is reminded that supporting documentation for any expert must be included within a request for costs.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards the following:

1) **A lump sum of $40,512.29, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Mr. Bruce W. Slane.**

2) **A lump sum of $5,000.00, representing reimbursement for costs incurred by petitioner, in the form of a check payable Mr. Shamir Ally.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).